UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYANNA SANFORD, next friend of HERBERT
SANFORD, JR.,

    Plaintiff,

v.                                                                Case No. 14-11771

DETROIT PUBLIC SCHOOLS, et. al.,

    Defendants.
_____/

**OPINION AND ORDER REMANDING PLAINTIFF'S STATE LAW CLAIMS,
DENYING IN PART AND GRANTING IN PART PLAINTIFF'S EX-PARTE MOTION,
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

On February 4, 2014, Plaintiff Herbert Sanford Jr., a student at Farwell Elementary-Middle School (Farwell), by and through his next friend, Ayanna Sanford, sued Detroit Public Schools (DPS), Farwell principal Shalonda Byas and Farwell food service manager Monique Tolbert in Wayne County Circuit Court.  Plaintiff's complaint alleges the following counts:

- Count I: an assault and battery claim;

- Count II:  a gross negligence claim;

- Count III:  a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment;

- Count IV:  a 42 U.S.C. § 1983 claim for "constitutional violations."

After being served, DPS timely removed the case to this court.  On April 5, 2014, Plaintiff filed an "Emergency Ex-Parte Motion to Extend And Issue New Summons for

1

Defendants Shalona [Byas] and Monique Tolbert And For Substituted Service." For the reasons that follow, the court will remand Plaintiff's state law claims, deny in part and grant in part Plaintiff's ex-parte motion, and direct Plaintiff to show cause why count III should not be dismissed.

## I. BACKGROUND

Plaintiff, a student at Farwell, alleges that Tolbert removed her belt and started beating him when he was in the lunchroom during lunchtime. He alleges that another student was swearing but that he was not. Next, Plaintiff alleges that food service manager Tolbert "drug" him out of the lunchroom and locked him in a small room where she continued to beat him. Finally, Plaintiff alleges that principal Byas did nothing to investigate the incident and did not alert the appropriate authorities.

## II. DISCUSSION

### A. Plaintiff's State Law Claims

To litigate in federal court, a party must invoke a basis for original jurisdiction such as federal-question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Counts III and IV assert claims under federal law; the other two counts assert claims under state law. Thus, the court has original jurisdiction over Plaintiff's § 1983 claims. Because Plaintiff's state and federal law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise its supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367; *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right. Its justification lies in

considerations of judicial economy, convenience and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over the state claims . . . ." 383 U.S. at 726. Supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726–27.

A federal court may exercise supplemental jurisdiction under 28 U.S.C. § 1367, which recognizes a court's discretion to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c). Subsections two and four govern the present action.

"In deciding whether to exercise supplemental jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013).

### 1. Remand Under 28 U.S.C. § 1367(c)(4)

A district court may decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "Congress's use of the word 'other' to modify 'compelling reasons' indicates that what ought to qualify as 'compelling reasons' for declining

3

jurisdiction under subsection (c)(4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)–(3)." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

### a. There are "Compelling Reasons" for Remanding Plaintiff's State Law Claims

"Compelling reasons" for the purposes of [§ 1367] (c)(4) . . . should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness and comity." 24 F.3d. at 1557 (internal citations omitted); *see also Palmer v. Hosp. Auth. of Randolph Cnty*, 22 F.3d 1559, 1569 (11th Cir. 1994). The circumstances of the particular case, the nature of the state-law claims, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion) inform a decision to exercise or decline supplemental jurisdiction. *Gibbs*, 383 U.S. at 726-727.

Mixing federal-law claims with supplemental state-law claims can cause procedural and substantive problems; in the interest of judicial economy and convenience, these problems should be avoided. *See Palmer*, 22 F.3d at 1569. Even where, as in the present case, the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice; complicate the trial; lengthen and make more complex the jury instructions, potentially confusing the jury; result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing-party attorney fees. Consequently, the apparent judicial economy and convenience to the parties of a court

4

exercising supplemental jurisdiction over a state claim may be substantially offset by problems simultaneously created.

Given the disparity between the state and federal claims, exercising supplemental jurisdiction over these claims would result in confusion, inconvenience, and potentially unfair results.

### b. There are "Exceptional Circumstances" for Remanding Plaintiff's State Law Claims

The phrase "exceptional circumstances" in 28 U.S.C. § 1367(c)(4) limits the broad discretion that district courts once had under *Gibbs* to deny supplemental jurisdiction in any case. *See, e.g.*, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998); *Exec. Software*, 24 F.3d at 1558. However, Congress did not restrict a district court's ability to dismiss claims to cases that were "ridiculous" or "impractical." *Exec. Software*, 24 F.3d at 1558, 1560 (citing *Hays Cnty. Guardian v. Supple*, 969 F.2d 111 (5th Cir. 1992) (holding that exceptional circumstances were present when parallel state proceedings were underway and therefore the adjudication of state claims would be a "waste of judicial resources")).

Exceptional circumstances are present in this case because of the likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome that could result if Plaintiff's state law claims and federal law claims are tried together. Though there will be some duplication of effort required by Plaintiff and Defendants if Plaintiff decides to pursue the state claims in state court, any advantages to be gained by trying all claims together are outweighed by the potential for confusion about the issues, legal theories, defenses, and possible relief.

### 2. Remand Under 28 U.S.C. § 1367(c)(2)

Separately, a district court may decline the exercise of supplemental jurisdiction pursuant to § 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  The state claims presented here raise problems, including the need to introduce evidence inapplicable to—indeed, inconsistent with—the evidence relevant to the federal claims, the need to introduce additional witnesses, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions.  The state claims presented in this case would, for these reasons, predominate over the § 1983 federal claims over which the court has original jurisdiction.  Under 28 U.S.C. § 1367(c)(2), the court will not exercise supplemental jurisdiction and will remand all state law claims.

The inclusion of Plaintiff's state claims for assault and battery and gross negligence with Plaintiff's federal law claims under 42 U.S.C. § 1983, could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome.  Additionally, these claims would predominate over Plaintiff's federal claims.  Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claims and will remand these claims.

### B. Plaintiff's Ex-Parte Motion

In his ex-parte motion Plaintiff states that "reasonable attempts have been made to serve [Shalonda Byas and Monique Tolbert], but to no avail.  As such, Plaintiff requests that this Honorable Court enter an Order for Substituted Service on Defendants so that service can be accomplished on these difficult to serve Defendants."

(Dkt. # 3, Pg. ID 24.) Plaintiff also requests that the summonses be extended for a period of 120 days.

### 1. Substituted Service

Plaintiff asks the court for permission to effect service by (1) service upon DPS; (2) service upon DPS's attorney Theophilus E. Clemons; (3) serviced upon Farwell where Defendants were employed at the time of the incident; or (4) by any other means the court deems appropriate. Service of a complaint filed in federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located. Fed. R. Civ. P. 4(e)(1). Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). However, such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise. Mich. Ct. R. 2.105(I)(1).

The process server's affidavit, attached to Plaintiff's May 5, 2014 ex-parte motion, indicates that service on Defendants Byas and Tolbert was attempted at Farwell, on three different occasions (April 14, April 29, and April 30). (Dkt. # 3-6, Pg. ID 57.) Through these attempts, Plaintiff learned that Byas and Tolbert no longer work at Farwell. (*Id.*) As such, in his motion Plaintiff notes that after DPS's attorney, Theophilus Clemons, indicated that he does not represent Byas and Tolbert, Plaintiff asked him to share their last known addresses but Clemons has yet to do so. Two days after filing its ex-parte motion, Plaintiff, without permission, filed a supplemental brief

7

explaining that "Plaintiff's counsel conducted legal research on Lexis-Nexis in order to ascertain the current addresses" of Defendants Byas and Tolbert. (Dkt. #5, Pg. ID 69.) Plaintiff goes on to detail its last-minute, unsuccessful efforts to serve Defendants Byas and Tolbert at the newly found addresses. The summonses, issued on February 5, 2014, expired on May 7, 2014. Plaintiff has not shown why attempts to serve Byas and Tolbert, all occurring within a span of three weeks preceding the expiration of the summonses, should be taken to establish the necessity of alternative service. Plaintiff's inquiry to determine the address of Defendants Byas and Tolbert thus far consists of emailing attorney Clemons and conducting a Lexis-Nexis search days before the summonses were set to expire.

Plaintiff has not yet made an adequate showing that Defendants Byas and Tolbert cannot be located with reasonable diligence and that service of process cannot reasonably be made as provided in the rules. Although liberal, the Michigan courts have explained that the party seeking to effect service by alternate means must make a sufficient showing to justify relieving that party from compliance with methods of service specifically prescribed by court rule or statute. *See, e.g., Krueger v. Williams*, 300 N.W.2d 910, 919 (Mich. 1981). Plaintiff's submissions to date do not suffice to establish a justification for permitting alternate service at this point in time. Service in the alternate forms Plaintiff requests would expedite his obligations to put Defendants Byas and Tolbert on notice of the pending lawsuit. However, as already stated, Michigan Court Rule 2.105(I)(1) requires adherence to its provisions until Plaintiff shows that service "cannot" reasonably be made as provided in the rules.

The court is not convinced that Plaintiff has shown that service cannot reasonably be made by traditional means and deny Plaintiff's request to serve Defendants Byas and Tolbert by alternate means.

**2. Extension of Summonses**

As for Plaintiff's request to extend the summonses, the court will allow Plaintiff an additional sixty days to effectuate service on Defendants Byas and Tolbert. Pursuant to the relevant rule, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.*" Fed. R. Civ. P. 4(m) (emphasis added). Granting Plaintiff an extension of time to serve the summonses "would be in keeping with the overall policy in [the Sixth] Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds." *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001) (quoting *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) (internal quotation marks omitted). Finally, an extension of time in this case would not prejudice Defendants Byas or Tolbert beyond requiring them to defend against Plaintiff's suit. An extension also would not prejudice Defendant DPS, as it filed a response to the ex-parte motion in which it states that DPS "does not object to the extension of the summons[es]." (Dkt. # 4, Pg. ID 65.) Notwithstanding this decision, however, the court will not further expand the time for effectuating service. If any Defendants remain unserved after the additional sixty days granted in this order, the court will dismiss Plaintiff's claims against those Defendants under Rule 4(m) and for failure to prosecute under Eastern District of Michigan Local Rule 41.2.

Accordingly, the court will deny in part and grant in part Plaintiff's ex-parte motion. The court will deny Plaintiff's request to effectuate service by alternate means but allow Plaintiff's an additional sixty days to effectuate service on Defendant's Byas and Tolbert.

### C. Count III

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), otherwise it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for "fail[ing] to state a claim upon which relief can be granted," *id.* 12(b)(6). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). Moreover, the Sixth Circuit has explained that before dismissing a case *sua sponte* under Rule 12(b)(6), the district court must provide the plaintiff adequate notice and an opportunity to amend the complaint. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

Count III, a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment, fails to satisfy the minimal pleading requirements because Plaintiff makes no specific allegations against Defendants DPS, Byas, and Tolbert.  Instead, throughout count III Plaintiff refers only to "Defendants" collectively.  (*See, e.g.*, Dkt. # 1, Pg. ID 12 ("By their conduct, Defendants showed intentional, outrageous, and reckless disregard for Plaintiff's clearly established constitutional rights.").)  Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a).  A complaint must allege each defendant's personal involvement with the alleged violation of federal rights.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).  Moreover, it is well established that conclusory allegations are insufficient to state a civil rights claim under § 1983.  *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Other than naming DPS, Bays, and Tolbert as Defendants, Plaintiff fails to allege each Defendant's particular involvement in count III.

The court will thus order Plaintiff to show cause why count III should not be dismissed for failure to comply with minimum pleading requirements.  Plaintiff may also amend count III.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's state law claims for assault and battery (count I) and gross negligence (count II) are hereby REMANDED to Wayne County Circuit Court.

IT IS FURTHER ORDERED that Plaintiff's "Emergency Ex-Parte Motion to Extend And Issue New Summons for Defendants Shalona [Byas] and Monique Tolbert And For Substituted Service" (Dkt. # 3) is DENIED IN PART and GRANTED IN PART. The motion is DENIED with respect to Plaintiff's request to effect service by alternate means.  The motion is GRANTED with respect to Plaintiff's request to extend time to effectuate service on Defendants Byas and Tolbert.  Plaintiff has until **July 3, 2014**, to serve the remaining Defendants with a summons and complaint.  After that date, and without further notice, Plaintiff's claims against any unserved Defendant will be dismissed without prejudice.

IT IS ORDERED that Plaintiff SHOW CAUSE, in writing, by **May 30, 2014**, why count III should not be dismissed for failure to comply with minimum pleading requirements.  Plaintiff may also amend count III by **May 30, 2014** to cure the deficiencies identified herein.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2014, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\14-11771.SANFORD.RemandStateLaw.Misc.rljr.wpd